UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**BARRIE ARNOLD,**

    **Plaintiff,**

v.                                              **CASE NO.:**

**BELFOR USA GROUP, INC,**

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, BARRIE ARNOLD, by and through the undersigned attorneys of record, and files this Complaint and Demand for Jury Trial against Defendant, BELFOR USA GROUP, INC., and alleges:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (diversity jurisdiction) as it is between citizens of different states and the amount in controversy is greater than $75,000 exclusive of interest, costs and attorneys' fees.

2. At all relevant times, Plaintiff, BARRIE ARNOLD (herein after "Mr. Arnold"), was a citizen of the State of Florida and was employed by Defendant in the State of Florida.

3. Defendant, BELFOR USA GROUP, INC. (herein after "BELFOR" or "Defendant"), is a corporation incorporated under the laws of Colorado with its principal place of business in Michigan.

4. Venue is proper in this Court because performance of the contract at issue occurred in Bay County, Florida.

**Factual Allegations**

5. Plaintiff began working for Defendant, a disaster recovery and property restoration service, on or around April 18, 2018 as a Sales Manager at company's Pensacola, Florida office.

6. Prior to accepting this employment, Plaintiff met with Chris Self, a branch manager for the company. Mr. Self, as the hiring agent for Defendant, agreed to a pay structure with Plaintiff consisting salary, benefits, and commission with a commission rate of 1% on all restoration contracts commissioned up to $1,500,000 and 2% on all restoration contracts secured above this amount. Plaintiff was also to receive a draw on future commissions of $15,000 per year in a bi-monthly amount in his paycheck.

7. At this time, Mr. Self assured Plaintiff that Defendant always paid their commissions and that Mr. Self was unaware of any issues related to the payment of commissions between Defendant and its Sales Managers. The terms and conditions of Plaintiff's commission structure were only discussed verbally

2

between the parties and neither party ever signed a written document or reduced these terms and conditions to writing.

8. It was further discussed between the parties that the employment was at-will, not for a definite period of time, and did not require any additional services be provided by Plaintiff beyond the securement of restoration contracts.

9. Plaintiff was sent to Panama City, Florida to secure restoration contracts on behalf of Defendant after Hurricane Michael devastated large portions of state's panhandle in October 2018.

10. Plaintiff secured approximately $12,000,000 worth of restoration contracts, consisting of approximately 10-12 individual contracts from businesses, from the time he arrived in Panama City, Florida to January 25, 2019. Under the terms of the contract entered into between the parties, this entitled Plaintiff to approximately $225,000 in commissions for securing these restoration contracts as the Sales Person and/or Lead Generator listed on the individual contracts.

11. On January 25, 2019, Defendant contacted Plaintiff and informed him that the company was terminating his employment effective immediately. As of the date of his termination, Defendant had only paid commissions of $10,000 to Plaintiff, which came in the form of draws on future commissions.

12. Despite Plaintiff's performance of securing restoration contracts and generating approximately $12,000,000 in revenue for Defendant, the company

informed Plaintiff that they would not be paying him any additional compensation for the work he performed for the benefit of the company. As such, Defendant elected to withhold approximately $215,000 in commissions from Plaintiff for the previously secured restoration contracts.

## Count I – Breach of Contract

13.     Plaintiff realleges the allegations of paragraphs 1-12 and incorporates them herein by reference.

14.     Plaintiff entered into an Oral Employment Contract with the Defendant whereby Plaintiff would secure restoration contracts with businesses in return for commission payments.

15.     Prior to his termination, Plaintiff received $10,000 in draws on future commissions as per the Oral Employment Contract between Plaintiff and the Defendant.

16.     Between October 2018 and January 25, 2019, Plaintiff secured approximately $12,000,000 worth of restoration contracts with various businesses and was properly listed as the Sales Person and/or Lead Generator for Defendant responsible for securing the contract.

17.     As per the Oral Employment Contract and the Defendant's records, Plaintiff is owed commission of approximately $215,000 for securing restoration

contracts on behalf of Defendant as the Sales Person and/or Lead Generator listed on the individual contracts.

18. The Defendant has breached the Oral Employment Contract by failing or refusing to pay commission pursuant to the contract.

19. Plaintiff incurred, or will incur, additional compensatory and incidental expenses as a result of the Defendant's breach of contract.

20. Plaintiff has been damaged as a result of Defendant's breach of the contract.

**Count II – Unpaid Wages Pursuant to §448.08, Florida Statute**

21. Plaintiff realleges the allegations of paragraphs 1-12 and incorporates them herein by reference.

22. The terms of the Oral Employment Contract between Plaintiff and Defendant that is the subject matter of this litigation included payment of wages to Plaintiff by the Defendant, in the form of commissions.

23. The negotiated, agreed upon commissions in the Oral Employment Contract between Plaintiff and Defendant was 1% on all restoration contracts commissioned up to $1,500,000 and 2% on all restoration contracts secured above this amount. Plaintiff was also to receive a draw on future commissions of $15,000 per year in a bi-monthly amount in his paycheck.

24. The Defendant paid Plaintiff bi-monthly from the date of his hire up until his termination, in an amount totaling $10,000.

25. Plaintiff performed his duties as agreed upon in the Oral Employment Contract between the Parties.

26. The Defendant breached the Oral Employment Contract by failing to pay Plaintiff his wages for the restoration contracts he secured for the benefit of Defendant from April 2018 to January 2019.

27. As a result of the breach of contract by Defendant, Plaintiff has been damaged in the amount of approximately $215,000 in unpaid wages.

28. Plaintiff has been forced to retain the services of legal counsel to obtain his commissions and has agreed to pay his counsel a reasonable fee for their services.

29. Pursuant to §448.08, Florida Statute, successful litigants in unpaid wage claims are entitled to recover their costs and attorneys' fees.

## Count III – Quantum Meruit

30. Plaintiff realleges the allegations of paragraphs 1-12 and incorporates them herein by reference.

31. Plaintiff conferred a benefit on the Defendant by securing approximately $12,000,000 worth of restoration contracts with various businesses.

32. The Defendant appreciated this benefit in the form of approximately $12,000,000 in revenue but has failed to provide the reasonable value of Plaintiff's services in securing the restoration contracts resulting in approximately $12,000,000 in revenue for Defendant.

33. It is inequitable for the Defendant to retain the benefit of approximately $12,000,000 in revenue without providing a reasonable benefit to Plaintiff for securing restoration contracts for Defendant.

## Count IV – Unjust Enrichment

34. Plaintiff realleges the allegations of paragraphs 1-12 and incorporates them herein by reference.

35. The Defendant and Plaintiff entered into an Oral Employment Contract that was implied in fact because Plaintiff performed services which the Defendant clearly understood and intended compensation to be paid.

36. Plaintiff performed services according to the Oral Employment Contract in good faith.

37. The Defendant received services provided by Plaintiff and acquiesced to these services including receiving approximately $12,000,000 in revenue pursuant to the restoration contracts secured by Plaintiff.

38. The facts, evidence, conduct of the parties and past performance clearly indicate that the Defendant was aware that Plaintiff expected to be

compensated for services provided on behalf of the Defendant, including securing restoration contracts resulting in approximately $12,000,000 in revenue for Defendant.

39. The facts and evidence support that the value of Plaintiff's services was reasonable and that the Defendant was unjustly enriched by its actions and/or omissions.

40. In reliance on the Oral Employment Contract, Plaintiff has not been compensated and the Defendant has been unjustly enriched by retaining the benefit provided by Plaintiff without providing Plaintiff compensation for securing restoration contracts on behalf of the company.

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff demands a trial by jury on all issues herein that are so triable and demands judgment against Defendant for the following:

(a) that process be issued, and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, and any other equitable relief available to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all

legally-available general, compensatory damages, punitive damages and economic loss to Plaintiff from Defendant's violations of law and conduct enumerated herein;

(d) enter judgment against Defendant and award Plaintiff attorney's fees and costs;

(e) award Plaintiff interest where appropriate; and

(f) grant such other further relief as being just and proper under the circumstances.

Respectfully submitted this 19th day of May 2020.

/s/ Matthew D. MacNamara
Matthew D. MacNamara (FL Bar No. 113002)
matt@scottandwallacelaw.com
Robert M. Scott (FL Bar No. 57149)
rscott@scottandwallacelaw.com
J. Clint Wallace (FL Bar No. 59590)
cwallace@scottandwallacelaw.com
SCOTT & WALLACE LLP
209 E. Brevard St.
Tallahassee, Florida 32301
Telephone:  (850) 222-7777
Facsimile:  (850) 222-7778
Attorneys for Plaintiff